**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30502
(Summary Calendar)

LINDA S. BROWN

Plaintiff-Appellant,

versus

FFP OPERATING PARTNERS, L.P.

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-1610)

May 6, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Linda S. Brown ("Brown"), appeals to this court the district court's grant of Summary

Judgment in favor of Defendant FFP Operating Partners, L.P., ("FFP") regarding her claim for sexual

harassment. After careful review of the record and the briefs, we affirm for essentially the reasons

stated by the district court.

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

**FACTS**

In the late summer of 1993, Brown began working for KWIK-PANTRY, owned by FFP. She was hired by the store manager, Richard Jeter ("Jeter"). In his position as store manager, Jeter had the authority to hire, fire, promote, delegate and designate schedules. Brown alleges that Jeter subjected her to continuous sexual harassment in the form of offensive touching, grabbing, and propositioning her for sex, from the beginning of her employment until Jeter terminated her in January, 1994.

When Brown began her employment at KWIK-PANTRY, Robin Bamburg ("Bamburg") was Jeter's immediate supervisor. Apparently, Bamburg did not keep an open line of communication between herself and the employees under her supervision. Bamburg retained her position until the latter part of December 1993, when she was replaced by Joann Hayes ("Hayes"). In any event, Brown did not report Jeter's conduct to Bamburg.

In January 1994, Jeter transferred Brown to the night shift. During Brown's first two nights on the night shift, a young man robbed the store. Fearing for her safety, Brown refused to work the night shift. When she refused, Jeter fired her. The day after she was fired, Brown reported Jeter's alleged sexual harassment to Hayes. Hayes immediately initiated an investigation into the allegations, which ultimately led to Jeter's termination.[1]

After returning from a stint on unpaid leave, Brown worked under Jeter's replacement until February 1994, when she was fired again.

_____

[1]FFP maintains that Jeter was terminated because of auditing discrepancies. Brown maintains that Jeter was terminated because the investigation confirmed her allegations.

Brown filed suit against FFP and Jeter, claiming sexual harassment and retaliatory termination. She alleged that the defendants violated her rights under Title VII of the Civil Rights Act of 1964, Section 701, et seq., as amended, 42 U.S.C. 2000(e), et seq., The Civil Rights Act of 1991, and LSA 51:2231.

FFP moved for summary judgment. On July 26, 1995, the district court granted the motion for summary judgment regarding the sexual harassment claim, but denied summary judgment regarding the retaliatory termination claim. Brown now appeals to this Court the granting of the summary judgment as to the sexual harassment claim.

## DISCUSSION

For summary judgment purposes, this Court inquires whether there is evidence in the district court record that creates a genuine issue of material fact regarding Brown's allegations against Jeter. *See Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins.* Co., 832 F.2d 1358, 1364 (5th Cir. 1987). We have also held that in order to establish an actionable claim of sexual harassment in the work place, the plaintiff, Brown, must demonstrate five elements. The elements are: (1) that she belongs to a protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition or privilege of employment"; and (5) that the employer either knew or should have known of the harassment and failed to take prompt remedial action. *Jones v. Flagship International*, 793 F.2d 714,719-20 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987).

The district court granted summary judgment in favor of FFP on the fifth element. In reaching its conclusion, the district court relied exclusively on our prior decision in *Nash v. Electronics System, Inc.*, 9 F.3d 401 (5th Cir. 1993). In *Nash*, a clerical worker accused her supervisor of harassment.

3

Because there was no evidence that the offensive behavior took place in public, the Court found that the employer was without knowledge of the behavior until Nash reported it to the personnel department. Upon learning of the allegations, the company immediately initiated an investigation which proved to be inconclusive. *Nash*, 9 F.3d at 403. Nevertheless, the company transferred Nash to another department, with no loss of pay, to avoid contact with the supervisor. *Id.* at 404. Finding no liability, this Court reiterated the principle that an employer is liable only if it knew or should have known of the employee's offensive conduct and did not take any steps to repudiate that conduct and eliminate the hostile environment. *Jones*, 793 F.2d at 720.

In its Memorandum Ruling, the district court stated that "FFP's response to plaintiff's complaint was remarkably similar to the employer's response in *Nash*." The court also concluded that "it would be unlikely for the offensive conduct alleged here -- sexually suggestive questions and comments -- to be voiced in the public." Thus, the Court followed *Nash* and concluded from the summary judgment record that the employer had no notice until Brown made her allegations.

Here, there was evidence that some of Jeter's actions were witnessed in public by a co-worker, Shondala Reed. The problem, however, is that there is no evidence that the hierarchy of FFP knew of the improper behavior before Brown made a formal complaint. Brown argues that Jeter's ability to make personnel decisions, such as hiring and firing, renders him a part of management thus imputing FFP with knowledge of his behavior. We have consistently held that Title VII is not a strict liability statute and there is no reason to depart from that reasoning in the instant case. *Nash*, 9 F3d. at 404.

The earliest that FFP can be said to have known of Jeter's actions was when Brown finally made a formal complaint to Hayes. On several occasions Brown had the opportunity to report Jeter

4

to Bamburg, but failed to do so because of Bamburg's alleged lack of an open communications line with the KWIK-PANTRY employees. This contention is speculative at best because neither Brown nor her co-workers ever attempted to communicate to Bamburg about any sexual harassment. Despite Bamburg's seemingly unapproachable demeanor, Brown had no idea whether Bamburg would have been receptive to hearing such a charge. Moreover, Brown's failure to complain to Bamburg prevented FFP from taking immediate steps to eliminate the offensive conduct.

Because Brown failed to report Jeter's behavior to Bamburg—or to her supervisor—we cannot say that FFP knew or should have known about Jeter's improper actions and failed to take prompt remedial action. On the contrary, upon learning of Jeter's actions from Brown's complaint, an immediate investigation took place and FFP offered Brown alternative employment opportunities so she could avoid contact with Jeter. Consequently, like the district court, we hold that Brown failed to establish that FFP knew or should have known of Jeter's improper behavior and failed to take prompt remedial action.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.